IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE DALE ST. JOHN, | § | |
| #29758-077, | § | |
|     Movant, | § | |
| | § | No. 3:23-cv-02416-N |
| V. | § | No. 3:12-cr-00310-N-1 |
| | § | |
| WARDEN FMC FORT WORTH, | § | |
|     Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

Movant Lawrence Dale St. John filed a document he designated as a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but the court construed it as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. And because St. John has now filed a second § 2255 motion without proper permission from the Fifth Circuit Court of Appeals, the court TRANSFERS his § 2255 motion to the Fifth Circuit as second or successive.

## Background

Following a five-day trial, St. John was found guilty of the following: (1) one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349; and (2) and thirteen substantive counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. On March 31, 2014, St. John was sentenced to 262 months' imprisonment on counts one through fourteen, to run consecutively, but only to the extent necessary to produce a total of 262 months. St. John was also ordered to pay restitution in the amount of $9,611,240.00.

St. John appealed to the Fifth Circuit Court of Appeals. On September 9, 2015, the Fifth Circuit affirmed the district court's judgment in all respects.

Then, on January 18, 2017, St. John filed his first § 2255 motion. *See St. John v. USA*, No. 3:17-cv-223-N-BT. On August 20, 2018, the court accepted the magistrate judge's findings and conclusions and denied the § 2255 motion with prejudice. The court also denied a certificate of appealability (COA) and entered judgment.

On September 18, 2023, St. John filed a document he designated as a petition for writ of habeas corpus under § 2241(c)(3) in the Fort Worth Division of the Northern District of Texas. *See St. John v. Warden, FMC Fort Worth*, No. 4:23-cv-973-O. On September 25, 2023, the court issued an Order and Notice informing St. John of the following: (1) the court intended to construe his case opening petition as a motion under § 2255; (2) as a result, the § 2255 motion would likely be transferred to the Dallas Division of this court for consideration in connection with his criminal case, Case Number 3:12-cr-310-N-1; and (3) construing the case opening document as a § 2255 motion would subject it to the second or successive restrictions applicable to a § 2255 motion. St. John did not file any response. On October 31, 2023, St. John's case opening petition was construed as a § 2255 motion and transferred to the Dallas Division of the Northern District of Texas to address as part of his criminal case.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

On January 18, 2017, St. John filed his first § 2255 motion. *See St. John v. USA*, No. 3:17-cv-223-N. On August 20, 2018, the court denied the motion with prejudice. St. John has now filed a second § 2255 motion, but he has failed to demonstrate that he obtained permission from the Fifth Circuit to file a second or successive § 2255 motion. The court will transfer St. John's motion to the Fifth Circuit.

### Conclusion

For the foregoing reasons, St. John's second or successive § 2255 motion is TRANSFERRED to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed November 7, 2023.

_____
DAVID C. GODGEY
CHIEF JUDGE